UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SEBASTIAN BONGIOVANNI Jr. O.B.O.
MILDRED BONGIOVANNI,

                        Appellant,                NOT FOR PUBLICATION
                                                    ORDER
            v.                                     08 CV 3534 (CBA)

JANICE GRUBIN, Trustee and
BRIAN HUFNAGAL, Esq., Office of the
U.S. Trustee,

                        Appellees.
-----------------------------------------------------X
AMON, United States District Judge:

      Appellant Mildred Bongiovanni ("Mrs. Bongiovanni" or "appellant") has appealed two Orders of the Honorable Jerome Feller of the United States Bankruptcy Court for the Eastern District of New York, the July 30, 2008 "Decision Denying Motion Seeking Damages Against Trustee" ("July 30 Order") and the August 26, 2008 "Order Denying Reconsideration Motion and Stay Pending Appeal" ("Reconsideration Order"). For the reasons stated herein, the Court denies appellant's appeal and affirms the July 30 Order and the Reconsideration Order.

I.    Background

      The instant appeal concerns consolidated Chapter 11 cases involving three closely-held corporations: Sudano, Inc. ("Sudano"), Sortino Realty Corp. ("Sortino"), and Couva Associates, Ltd. ("Couva") (collectively, the "Debtors"), which all filed Chapter 11 petitions in September and October 2002. The primary assets of the Debtors were three residential apartment buildings located in Brooklyn, New York (collectively, the "Properties"), which each corporation owned, containing over 200 residential and seven commercial units in the aggregate. Each Chapter 11 petition was signed by Sebastian Bongiovanni, Sr. ("Bongiovanni Sr."), the sole shareholder of each of the three Debtors.

1

The Debtors, under the guidance of Bongiovanni Sr., continued to manage the Properties as debtors in possession for about 18 months following the commencement of the Chapter 11 cases. During this time, the Debtors poorly managed and operated the Properties and failed to file timely reports and pay fees; the Properties were also plagued by numerous housing code violations. As a result, the bankruptcy court granted a motion of the GMAC Commercial Mortgage Corporation ("GMAC"), the Debtors' largest creditor and holder of a consolidated mortgage on the Properties, for the appointment of a Chapter 11 Trustee. In March 2004, Janice B. Grubin was appointed the Chapter 11 Trustee (the "Trustee").

As part of the Trustee's obligations and responsibilities, she stabilized operations of the Properties, renovated and improved the Properties, and eventually marketed and sold the Properties, with court approval, to MSK3 LLC for $13.1 million plus $400,000 to be held in escrow. On May 27, 2005, the bankruptcy court entered an order authorizing the sale. The Trustee filed a disclosure statement and joint plan of liquidation ("the Plan"), which the bankruptcy court confirmed on August 17, 2005. Because there were insufficient funds to pay all creditors in full, the shareholders received no distribution under the Plan and shareholder interests were also extinguished. At the time of the Plan confirmation, Bongiovanni Sr. and the Debtors were aptly represented and fully participated in all aspects of the Chapter 11 proceedings.

Upon concluding the claims resolution process and the administration of the Chapter 11 cases, the Trustee filed her final report with the bankruptcy court on November 27, 2007 ("Final Report"). At that time, Bongiovanni Sr. had died, survived by his son, Sebastian Bongiovanni Jr. ("Bongiovanni Jr.") and Mrs. Bongiovanni. Bongiovanni Jr. filed an objection to the Final Report. However, Bongiovanni Jr., realizing that an objection to the Final Report was not the correct legal vehicle with which to bring his claims for the Bongiovanni family, withdrew his

objection without prejudice. Bongiovanni Jr. then filed a motion with the bankruptcy court in January 2008, on behalf of Mrs. Bongiovanni, alleging that she is a 50% shareholder of the debtors and seeking compensatory and punitive damages against the Trustee (the "Motion"). Specifically, the Motion alleged that Mrs. Bongiovanni was deprived of due process because the Trustee failed to provide her with any notice in the Chapter 11 cases. Bongiovanni Jr. also asserted that the Properties should have been sold on an expedited basis, which would have saved millions of dollars in repairs and improvements, and allowed for an equitable distribution to the shareholders. Bongiovanni Jr. sought compensatory and punitive damages to be paid from any residual funds remaining in the bankruptcy estates and the forfeiture of any compensation awarded to the Trustee and her former counsel.[1]

In its July 30 Order, the bankruptcy court denied the Motion, concluding that: 1) there was no standing to bring the motion, 2) there were no violations of due process, and 3) no damages were proven or warranted. On August 26, 2008, the bankruptcy court denied appellant's motion for reconsideration of the July 30 Order and further denied her request for a stay pending appeal. The instant appeal followed.

II. Discussion

A. **Standard of Review**

This Court has jurisdiction to hear the instant appeal under 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure sets forth the standard to review bankruptcy court orders:

> On an appeal, the district court or the bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judgment, order, or decree, or remand with instructions for further

---

[1] The Motion was filed and prosecuted in the bankruptcy court by Bongiovanni Jr. on behalf of Mrs. Bongiovanni. In the July 30 Order, the bankruptcy court held that Bongiovanni Jr. lacked the capacity or status to obtain the requested relief and could not proceed on behalf of Mrs. Bongiovanni as her attorney. In a September 5, 2008 Order, this Court required that if she wished to proceed with her appeal, Mrs. Bongiovanni must sign certain papers in her own name, and in a December 11, 2008 Order, the Court denied Bongiovanni Jr.'s request to represent his mother in this action as her attorney.

3

proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses.

Fed. R. Bankr. 8013. Thus, factual findings of a bankruptcy court must be upheld unless "clearly erroneous." A district court may find a bankruptcy court determination to be "clearly erroneous" when, on consideration of the record as a whole, the court "is left with the definite and firm conviction that a mistake has been committed." Zervos v. Verizon New York, Inc., 252 F.3d 163, 168 (2d Cir. 2001) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also In re 9281 Shore Road Owners Corp., 187 B.R. 837, 847 (E.D.N.Y. 1995) ("A Bankruptcy Court's findings of fact are 'clearly erroneous' if the appellate court has a definite and firm conclusion that a mistake has been committed, after reviewing the entire record."). Although the bankruptcy court's findings of fact are not conclusive on appeal, "the party that seeks to overturn them bears a heavy burden." H & C Dev. Group, Inc. v. Miner (In re Miner), 229 B.R. 561, 565 (2d Cir. 1999).

On appeal, legal conclusions of the bankruptcy court are subject to *de novo* review. Asbestosis Claimants v. United States Lines Reorganization Trust (In re United States Lines, Inc.), 318 F.3d 432, 435 (2d Cir. 2003). Mixed questions of law and fact are reviewed "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." In re Lehman Bros. Holdings, Inc., 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting In re Am. Express Merchants' Litig., 554 F.3d 300, 316 n.11 (2d Cir. 2009)). The bankruptcy court's decision to award costs, attorney's fees, and damages are reviewed for abuse of discretion. In re Bayshore Wire Prods. Corp., 209 F.3d 100, 103 (2d Cir. 2000).

### B. Failure to Comport with Filing Requirements

As a threshold matter, appellee argues that this Court should dismiss the instant appeal because appellant failed to comply with the requirements of Rule 8010 of the Federal Rules of

Bankruptcy Procedure. Pursuant to Rule 8010, a brief on appeal shall include, <u>inter alia</u>, a table of contents, a statement of the basis of appellate jurisdiction, a statement of issues presented, the applicable standard of appellate review, and a statement of the case. Bankruptcy Rule 8010(a)(1)(A-D). As noted by appellee, appellant's brief fails to comply with these requirements, and such a failure is grounds for dismissing appellant's appeal.[2] Because of appellant's <u>pro se</u> status, the Court declines to dismiss the appeal on this procedural ground. See <u>In re Stephenson</u>, Nos. 96 CIV. B. 557 (DC), 96 CIV. 558 (DC), 1996 WL 403087, at *1 (S.D.N.Y. July 18, 1996).

## C. Standing

The bankruptcy court concluded that appellant had no standing to bring the motion in the bankruptcy court. Had appellant simply sought to bring belated attacks on the decisions of the bankruptcy court after her interests were extinguished, that conclusion would have been correct. Appellant, however, claimed that her due process rights were violated by the failure of the Trustee to provide her with notice of the proceedings based upon her purported ownership interest in the Debtors. Although for the reasons set forth below, the bankruptcy court correctly concluded that this motion had no merit, appellant did, as the party aggrieved by the purported due process violation, have standing to raise that issue. See <u>International Trade Admin. v. Renssellaer Polytechnic Inst.</u>, 936 F.2d 744, 747 (2d Cir. 1991); <u>In re Quigley Co.</u>, 391 B.R. 695, 705 (S.D.N.Y. 2008).

## D. Due Process and Damages Claims

In his July 30 Order, the bankruptcy court held that appellant's due process rights were not violated. The bankruptcy court correctly concluded that the Trustee provided adequate

---

[2] The Court also notes that although a <u>pro se</u> litigant is afforded liberal construction of his or her papers, <u>Bertin v. United States</u>, 478 F.3d 489, 491 (2d Cir. 2007), and the right to appear <u>pro se</u> "should not be impaired by harsh application of technical rules," <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983), "<u>pro se</u> litigants generally are required to inform themselves regarding procedural rules and to comply with them." <u>Edwards v. INS</u>, 59 F.3d 5, 8 (2d Cir. 1995); <u>see also</u> <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 605 (2d Cir. 2008).

5

notice to interested parties in conformity with the Bankruptcy Rules and the requirements of due process. The bankruptcy court found that the Trustee diligently reviewed the books and records provided to her by appellant's husband, which did not indicate the existence of any other shareholders; that the Trustee provided notice and served papers on Bongiovanni Sr., who in filings before the bankruptcy court had claimed to be the sole shareholder of the Debtors; and that since the Trustee had no reason to believe Mrs. Bongiovanni was a shareholder, she held the status of an unknown shareholder for notice purposes. See In re Sudano, Inc., 391 B.R. 678, 688-89 (Bankr. E.D.N.Y. July 30, 2008). These factual findings were not clearly erroneous. Furthermore, the bankruptcy court found that Mrs. Bongiovanni's interests—to the extent that she was a shareholder—were aligned with those of her husband, who vigorously litigated all the issues appellant seeks to now raise about conduct of the bankruptcy proceedings. Id. at 689.

Appellant has offered only unsubstantiated, self-serving assertions to rebut these findings. Mrs. Bongiovanni's claim on appeal that "the Trustee was not given the documentation and more importantly never conducted a Careful examination of Records," (Appellant Br. 8.), does not call into question the findings of the court below. This Court has conducted a de novo review of appellant's due process claim and finds it wholly without merit.

Even assuming appellant made out a due process violation, she has failed to prove any damages. The bankruptcy court found that her claim was based on "pure speculation, conjecture and surmise" not "any real evidence or the record." In re Sudano, Inc., 391 B.R. at 690. The bankruptcy court further found that the Properties were sold "as expeditiously as possible," that the Trustee "worked hard to obtain the highest possible price[,]" and altogether "exercised sound business judgment in her handling of the Properties." Id.

Before this Court, appellant reasserts the same hypothetical theory that she presented to the bankruptcy court: had the Trustee sold the Properties at an earlier time and at a more

6

favorable price, the Trustee could have saved the shareholders $1.7 million. (Appellant Br. 7-8, 10.) She makes various speculative calculations regarding the Trustee's expenses, and ultimately requests that the Court grant her $1.7 million as compensatory damages and $400,000 in punitive damages. (Id. at 15-18; Appellant Reply 7-11.) These assertions fail to contradict the bankruptcy court's factual findings.

Conclusion

For the reasons set forth above, this Court affirms both the bankruptcy court's July 30 Order denying appellant's motion in its entirety and the August 26, 2008 order denying reconsideration. The Clerk of the Court is directed to enter judgment and close the case in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
      September _30_, 2010

/s/ Carol Bagley Amon
Carol Bagley Amon
United States District Judge